UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ENNIO NEMESIO ESTEBAN-GOMEZ,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------X
FEUERSTEIN, J.

**OPINION & ORDER**
**08-CV-4319**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 27 2011 ★

LONG ISLAND OFFICE

On October 22, 2008, petitioner Ennio Nemesio Esteban-Gomez ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, challenging his sentence, upon his plea of guilty to one (1) count of illegal re-entry into the United States in violation of 8 U.S.C. §§ 1326(a), (b)(1), to a term of imprisonment of one hundred one (101) months. For the reasons set forth herein, the petition is denied.

I.    Background

    A.    Petitioner's Guilty Plea and Original Sentencing

On November 19, 2004, Petitioner pled guilty in this Court to one (1) count of illegal re-entry into the United States after deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(1), which prescribes a maximum term of imprisonment of ten (10) years. 8 U.S.C. § 1326 (b)(1). On September 15, 2005, the Court sentenced Petitioner to a term of imprisonment of one hundred twenty (120) months ("original sentence"), within the statutory range but above the advisory range of thirty-one (31) to thirty-seven (37) months calculated by the United States Probation

1

Department pursuant to the United States Sentencing Guidelines Manual ("the Guidelines"). Petitioner's March 29, 2006 Appellate Brief at 3.

B. Petitioner's Post-Sentence Appeals

On October 19, 2005, Petitioner appealed his sentence to the United States Court of Appeals for the Second Circuit, arguing that the presentence report of the United States Probation Department miscalculated the appropriate Guidelines range, id. at 12-13; that the Court's significant "upward departure" from the Guidelines range was unreasonable, id. at 14-15; and that the Court failed to properly consider the sentencing factors set forth in 18 U.S.C. § 3553(a), id. at 21-22. On the appeal, the Government agreed that the case should be remanded because the Guidelines range had been miscalculated by the United States Probation Department in the presentence report. Government's April 27, 2006 Appellate Brief at 17-18. Nonetheless, the Government argued that, "although the question of reasonableness need not be addressed until after [Petitioner] is resentenced[,] . . . a ten-year sentence was reasonable and may properly be re-imposed upon remand." Id. at 19. By summary order dated August 16, 2006, the Court of Appeals vacated Petitioner's sentence and remanded the matter to this Court for resentencing with "appropriate consideration" of the factors listed in § 3553(a), including the correct Guidelines range of twenty-one (21) to twenty-seven (27) months. United States v. Esteban-Gomez, 193 F. App'x. 92, 93 (2d Cir. 2006) (summary order).

On April 26, 2007, this Court resentenced Petitioner to a term of imprisonment of one hundred one (101) months, within the statutory range, but above the Guidelines range. Pet. at 2. On August 24, 2007, Petitioner appealed the sentence imposed upon remand to the United States Court of Appeals for the Second Circuit on the basis that the sentence was substantively and

2

procedurally unreasonable. See United States v. Esteban-Gomez, 278 F. App'x. 72 (2d Cir. 2008) (summary order). By summary order dated May 22, 2008, the Second Circuit affirmed Petitioner's sentence. Id. at 72-73.

### C. The Instant Petition

On October 22, 2008, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence. Pet. at 1. Petitioner contends: (1) that his Sixth Amendment right to a jury trial was violated when the Court imposed a term of imprisonment above the applicable Guidelines range based upon judicial fact-finding, Petitioner's Memorandum in Support ("Memorandum") at 23; (2) that his trial counsel was ineffective for failing to argue that Supreme Court precedent required a sentence to be imposed within the Guidelines range, id. at 8-13; (3) that his appellate counsel was ineffective for failing to cite controlling case law and to argue that his trial counsel was ineffective, id. at 14-18; and (4) that upon resentencing the Court should have applied Amendment 709 to the Guidelines, id. at 19-22.[1]

In its opposition to the petition, the Government contends, *inter alia*, that Petitioner's Sixth Amendment jury trial and ineffective assistance of counsel claims are based upon an incorrect reading of Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007). Response at 2. In response, Petitioner contends, *inter alia*, that the Government has "conceded all other issues" by failing to specifically address them. Petitioner's Reply at 2-3.

---

[1] To the extent the petition challenges the Court of Appeals' affirmance of his sentence, Memorandum at 27, this court is without jurisdiction to review an order of the Court of Appeals. Petitioner should have sought a writ of certiorari from the United States Supreme Court to challenge the Second Circuit's May 22, 2008 summary order affirming his sentence. See 28 U.S.C. §§ 1254(1), 2106; SUP. CT. R. 10.

3

II. DISCUSSION

   A.   Legal Standard

A prisoner in custody under sentence of a federal court may move that court to "vacate, set aside or correct" a sentence, *inter alia*, "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). If "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court may dismiss the petition without holding an evidentiary hearing. 28 U.S.C. § 2255(b).

   B.   Petitioner's Claims[2]

      1.   Sixth Amendment Right to a Jury Trial

Petitioner contends that an upward departure from the Guidelines range based upon judicial fact-finding violates the Supreme Court's holding in Cunningham. Memorandum at 25-27.

The Sixth Amendment provides, in relevant part, that a criminal defendant "shall enjoy the right to . . . an impartial jury." U.S. Const. amend. VI. "[T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." Cunningham, 549 U.S. at 274, 127 S. Ct. at 860 (collecting

---

[2]Insofar as Petitioner moves, in essence, for a default judgment on all issues to which the Government failed to specifically respond, his application is denied. See Bermudez v. Reid, 733 F.2d 18, 21-22 (2d Cir. 1984) (holding that a default judgment is improper where the Government fails to respond to a habeas corpus petition "unless the claimant first establishes 'his claim or right to relief by evidence satisfactory to the court'") (quoting Fed. R. Civ. P. 55(e)).

cases). "[T]he relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." Blakely v. Washington, 542 U.S. 296, 303-04, 124 S. Ct. 2531, 2537, 159 L. Ed. 2d 403 (2004) (emphasis in original); see also United States v. Booker, 543 U.S. 220, 244, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

In Cunningham, the Supreme Court addressed California's determinate sentencing law ("DSL"), under which most substantive offenses were assigned three (3) tiers of determinate sentences: a lower term, a middle term, and an upper term. Cunningham, 549 U.S. at 275, 127 S. Ct. at 860 (citing CAL. PENAL CODE ANN. § 288.5(a) (West 1999)); see Portalatin v. Graham, 624 F.3d 69, 82 (2d Cir. 2010), cert. denied, --- U.S. ---, 131 S. Ct. 1693, 179 L. Ed. 2d 646 (2011). The DSL *required* the judge to impose the middle term unless "circumstances in aggravation are found by the judge, not the jury." Cunningham, 549 U.S. at 288, 127 S. Ct. at 868; see Portalatin, 624 F.3d at 82 (finding that under the DSL "the middle term was the default sentence absent further factual findings"). The Supreme Court found that "the Sixth Amendment [jury trial] requirement is not satisfied" when a defendant is sentenced to the DSL's upper term because "the jury's verdict alone does not authorize the sentence, [and] instead, the judge must find an additional fact to impose the longer term . . . ." Cunningham, 549 U.S. at 290, 127 S. Ct. at 869.

Whereas the California DSL required judicial fact-finding before an upper-term sentence could be imposed, the Guidelines are only advisory. See Booker, 543 U.S. at 245, 125 S. Ct. at

756-57 (severing and excising 18 U.S.C. § 3553(b)(1), which had made the Guidelines mandatory); see also United States v. Melia, 253 F. App'x 105, 108 (2d Cir. 2007) (distinguishing the DSL from the Guidelines on the basis that the Guidelines are only advisory pursuant to Booker). The Cunningham Court itself recognized the distinction between the DSL and the Guidelines. See Cunningham, 549 U.S. at 291-92, 127 S. Ct. at 869-70 ("The attempted comparison is unavailing. . . . California's DSL does not resemble the advisory system the Booker Court had in view.") Following Booker, district judges are *not required* to sentence a defendant within the relevant Guidelines range, but rather may "tailor the sentence in light of other statutory concerns . . . ." Booker, 543 U.S. at 245, 125 S. Ct. at 57.[3] Since the Guidelines are only advisory, and not a "statutory maximum," the Sixth Amendment does not preclude a judge from finding facts that enhance a defendant's sentence above the Guidelines range, so long as the sentence imposed is below the statutory maximum. Accord Rita v. United States, 551 U.S. 338, 357, 127 S. Ct. 2456, 2468, 168 L. Ed. 2d 203 (2007) (holding that a judge's explanation of why she imposed a sentence outside the Guidelines range "triggers no Sixth Amendment 'jury trial' requirement");[4] Melia, 253 F. App'x at 108 ("The advisory character of the federal guidelines permits the sentencing judge to find facts leading to an offense level enhancement

---

[3]The Supreme Court has since held that an appellate court may not apply a presumption of unreasonableness when reviewing a sentence outside the Guidelines range. See Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).

[4]Petitioner's contention that since Rita was decided after the Court of Appeals affirmed his sentence, Cunningham, rather than Rita, governs this case, Memorandum at 26, is irrelevant because the outcome is the same. In any event, that contention is without merit because Rita did not announce a "new" constitutional rule. See Portalatin, 624 F.3d at 83-84 (finding that Cunningham did not announce a "new rule" prohibiting its retroactive application in a collateral proceeding challenging a final conviction).

without violating the Sixth Amendment."); United States v. Zayas, 568 F.3d 43, 45 (1st Cir. 2009) (holding that the Guidelines range is not the relevant "statutory maximum" pursuant to Cunningham), cert. denied, --- U.S. ---, 130 S. Ct. 424, 175 L. Ed. 2d 291 (U.S. 2009); United States v. Lawson, 494 F.3d 1046, 1055 (D.C. Cir. 2007) (affirming an upward departure from the Guidelines range and noting that "[n]o Sixth Amendment issue is raised unless a sentence exceeds its *statutory* maximum") (emphasis in original); see also United States v. Roti, 484 F.3d 934, 937 (7th Cir. 2007) ("Cunningham . . . has no effect on post-Booker federal practice. District judges remain free . . . to make findings of fact that influence sentences, provided that the sentence is constrained by the maximum set by statute for each crime."); cf. United States v. Jeross, 521 F.3d 562, 583 (6th Cir. 2008) (holding that judicial findings used to support offense-level increases within the Guidelines "did not violate" the holding in Cunningham). Therefore, Petitioner's claim that his Sixth Amendment right to a jury trial was violated upon resentencing is denied.

2. Ineffective Assistance of Trial Counsel

The Sixth Amendment also provides that a criminal defendant "shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. In order to prevail on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must prove both (1) that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688-694, 104 S. Ct. 2052, 2064-2068, 80 L. Ed. 2d 674 (1984). A petitioner may rebut the presumption of adequate counsel only by demonstrating that

7

"in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A "reasonable probability" of a different result is "a probability sufficient to undermine confidence in the outcome." Knowles v. Mirzayance, --- U.S.---, 129 S. Ct. 1411, 1422, 173 L. Ed. 2d 251 (2009), reh'g denied, ---U.S.---, 129 S. Ct. 2422, 173 L. Ed. 2d 1327 (2009).

Counsel cannot not be deemed ineffective for failing to take an action where "any . . . motion on either a statutory or constitutional basis would have been denied by the District Court," United States v. Abad, 514 F.3d 271, 275-76 (2d Cir. 2008), or where the action "would have been futile." Savinon v. Mazucca, 318 F. App'x. 41, 44 (2d Cir. 2009) (citations omitted), cert. denied, --- U.S. ---, 130 S. Ct. 497, 175 L. Ed. 2d 377 (2009).

Petitioner contends that his trial counsel was ineffective for failing to argue that, pursuant to Cunningham, he could not be sentenced above the applicable Guidelines range based upon judge-found facts. Memorandum at 8-13. However, since, as discussed above, Cunningham does not preclude an upward departure from the Guidelines based upon judge-found facts, see supra Part II.B.1, any such claim would have been futile. Accord Zayas, 568 F.3d at 45; Lawson, 494 F.3d at 1055.[5] Accordingly, trial counsel was not ineffective for failing to raise such a claim. See Abad, 514 F.3d at 275-76. Therefore, Petitioner's ineffective assistance of trial counsel claim is denied.

---

[5]To the extent Petitioner requests an evidentiary hearing on his ineffective assistance of trial counsel claim, "[a] hearing is not required . . . where the allegations are insufficient in law, undisputed, immaterial, vague, conclusory, palpably false or patently frivolous." United States v. Malcolm, 432 F.2d 809, 812 (2d Cir. 1970) (collecting cases). Since Petitioner's claim that his trial counsel failed to raise a claim based on Cunningham as a result of his failure to "communicate properly" with Petitioner is both conclusory and patently without merit, an evidentiary hearing is not required.

### 3. Ineffective Assistance of Appellate Counsel

"Although the Strickland test was formulated in the context of evaluating a claim of ineffective assistance of trial counsel, the same test is used with respect to appellate counsel." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

Petitioner argues that his appellate counsel was ineffective for failing to raise claims: (1) that pursuant to Cunningham, his Sixth Amendment right to a jury trial was violated when the Court imposed a sentence above the relevant Guidelines range, Memorandum at 17-18; and (2) that his trial counsel was ineffective for failing to raise a claim pursuant to Cunningham, Memorandum at 16-17. Since, as discussed above, Cunningham is not applicable to Petitioner's sentence because Petitioner was sentenced below the statutory maximum, see supra Part II.B.1, appellate counsel's failure to raise those claims did not render his representation ineffective. See Abad, 514 F.3d at 275-76. Accordingly, Petitioner's claim of ineffective assistance of appellate counsel is denied.

### 4. Guidelines Applied Upon Resentencing

Petitioner contends that Amendment 709 to the Guidelines, which significantly modifies the calculation of a defendant's criminal history, should have been applied upon his resentencing after remand. Memorandum at 19-24.

When a defendant appeals a sentence imposed by a federal district court, the Court of Appeals reviews the sentence for abuse of discretion, even if the sentence falls outside of the applicable Guidelines range. See Gall, 552 U.S. at 56, 128 S. Ct. at 600. "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a

clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S. Ct. 2447, 2461, 110 L. Ed. 2d 359 (1990). In addition, a trial court "must be reversed if it ignored or slighted a factor that Congress has deemed pertinent." Gall, 552 U.S. at 68, 128 S. Ct. at 607 (internal quotations and citations omitted).

Upon resentencing, the sentencing court is required to consider the Guidelines and amendments that were in effect at the time of original sentencing. 18 U.S.C. § 3742(g)(1). This Court originally sentenced Petitioner on September 15, 2005. Amendment 709 took effect on November 1, 2007, more than two (2) years after Petitioner's original sentencing. See U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(a)(2). Thus, pursuant to § 3742(g)(1), it would have been error for this Court to have applied Amendment 709 when calculating the applicable Guidelines range upon resentencing. Accordingly, Petitioner's claim that Amendment 709 to the Guidelines should have been applied upon resentencing is denied.[6]


C.  Certificate of Appealability

As Petitioner has failed to make a substantial showing of a violation of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(1); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Contino v. United

---

[6]To the extent Petitioner claims that Amendment 709 should have been retroactively, a district court may reduce a defendant's sentence by retroactively applying a Guidelines amendment only if "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable Sentencing Commission policy statement, U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(A), prohibits a district court from lowering a sentence based upon a Guidelines amendment that is not listed in U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(c). Since Amendment 709 is not listed in § 1B1.10(c), it did not apply retroactively to Petitioner's sentence upon resentencing. See United States v. Darco, 377 F. App'x. 61, 64 (2d Cir. 2010).

States, 535 F.3d 124, 127 (2d Cir. 2008); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

III. Conclusion

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied in its entirety and the proceeding is dismissed. A certificate of appealability will not issue. The Clerk of the Court is directed to service notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* Petitioner at his last known address, Fed. R. Civ. P. 5(b)(2)(C), and to close this case.

SO ORDERED.

/
Sandra J. Feuerstein
United States District Judge

Dated: July 27, 2011
Central Islip, New York